Harold L. Twiss, Jr., Esq. Informal Opinion County Attorney No. 97-16 County of Franklin Courthouse Malone, N Y 12953
Dear Mr. Twiss:
You have informed us that prior to 1993, Franklin County was governed by a board of legislators consisting of seven members elected every three years from seven districts. By local law in 1993, the board changed the borders of four districts within the Town of Malone in order to comply with one person one vote requirements based upon the 1990 Federal census. You have asked whether the modification of district boundaries constituted a restructuring under Municipal Home Rule Law §10(1)(ii)(a)(13)(f) which would prohibit the county from enacting legislation to change the terms of legislators from three to four years.
Municipal Home Rule Law § 10(1)(ii)(a)(13) authorizes local governments to reapportion their legislative bodies in order to comply with one person one vote standards. The addition of this clause was motivated by the absence of statutory authority for non-charter counties to comply with one person one vote standards enunciated by the United States Supreme Court in Baker v. Carr, 369 U.S. 186 (1962); 1981 Op Atty Gen (Inf) 255. Charter counties have authority by charter law to reapportion their legislative bodies but non-charter counties could only reapportion by court order. Id.
Your county utilized clause 13 to modify the boundaries of four districts to comply with constitutional requirements. Clause 13 authorizes local governments to enact and amend local laws apportioning their legislative bodies and,
 only in connection with such action taken pursuant to this subparagraph, [relating to] the composition and membership of such body, the terms of office of members thereof, the units of local government or other areas from which representatives are to be chosen and the voting powers of individual members of such legislative body. . . . The power granted by this subparagraph shall be in addition to and not in substitution for any other power and the provisions of this subparagraph shall apply only to local governments which adopt a plan of apportionment thereunder.
Your concern is subdivision f of clause 13, which provides that, notwithstanding any law to the contrary, "no local government may restructure its legislative body . . . more than once in each decade . . .".
Clause 13, by its provisions, limits a local government's ability to restructure its local legislative body to once in a decade only with respect to an adjustment of voting power, restructuring of the governing body and the modification of terms of office "in connection" with reapportionment. The same clause also provides that the power granted is in addition to and not in substitution for any other power.
Under New York Constitution Article IX, § 2(c)(ii)(1) and Municipal Home Rule Law § 10(1)(ii)(a)(1), local governments, including counties, may adopt and amend local laws relating to the powers, duties, qualifications, number, mode of selection and removal, terms of office and other conditions of employment of their officers and employees. This separate grant of authority permitting all local governments, including counties, to enact local laws modifying the terms of officers and employees is preserved by the "in addition to and not in substitution for" language of clause 13.
We note that the referendum requirements for a reapportionment, which includes a change in terms of office of legislators, are different from referendum requirements applicable to a change in terms under Municipal Home Rule Law § 10(1)(ii)(a)(1). Compare Municipal Home Rule Law § 23(2)(e) with § 24(2)(i). Thus, the "only in connection . . ." proviso and the preservation of other sources of "power" language are not in conflict.
In our opinion, action by the county under Municipal Home Rule Law §10(1)(ii)(a)(1) and New York Constitution, Article IX, § 2(c)(ii)(1) to change the terms of legislators is not a restructuring of the legislative body within the meaning of subdivision f of clause 13. It is action by the county pursuant to general home rule authority, which has been preserved by clause 13. It seems clear that "restructuring", as used in subdivision f, is a reference to the reapportionment of the legislative body to meet one person one vote requirements. Therefore, the county may enact a local law to increase the terms of its legislators from three to four years. That local law is subject to a mandatory referendum under section 23(2)(e) of the Municipal Home Rule Law.
We conclude that the enactment of a local law by a county to modify the terms of its legislators, where such action is taken separate and apart from apportionment of its legislative body, and not in connection thereto, is not a restructuring of the legislative body within the meaning of Municipal Home Rule Law § 10(1)(ii)(a)(13)(f).
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions